UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TYLER SCOTT GALLAHER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No.: 3-14-CV-447-PLR-CCS |
| v. | ) | |
| STATE OF TENNESSEE, | ) | |
| Defendant. | ) | |

# MEMORANDUM

This is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is a motion to dismiss for failure to exhaust state remedies filed by Respondent [Doc. 8]. As Petitioner has not responded to this motion and the time for doing so has passed, Petitioner has waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the reasons set forth below, the Court finds that the petition contains claims for which Petitioner has not exhausted his state remedies. Accordingly, Respondent's motion to dismiss for failure to exhaust state remedies [Doc. 9] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

The petition for a writ of habeas corpus in this case sets forth the following: (1) claims asserting ineffective assistance of counsel on various occasions; (2) a claim that Petitioner's conviction resulted from coerced confessions from others; (3) a claim alleging a double jeopardy violation; and (4) a claim alleging coercion of Petitioner by the district attorney. In his motion to dismiss, Respondent asserts that Petitioner has not presented any of these claims to the

Tennessee Court of Appeals. Respondent has therefore filed only Petitioner's trial court records with the Court [Doc. 10].

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971).

As Respondent has demonstrated that Petitioner has not exhausted his state remedies and in the absence of any objection, the motion to dismiss for failure to exhaust state court remedies [Doc. 8] will be **GRANTED** and this action will be **DISMISSED without prejudice** for failure to exhaust state court remedies.

The Court has found that Petitioner is plainly procedurally barred from the relief sought in the petition for a writ of habeas corpus at this time and no reasonable jurist could conclude that Petitioner is entitled to proceed with the petition at this time. The Court therefore **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. For the same reasons, the Court will also **DENY** petitioner leave to proceed *in forma pauperis* on appeal and a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**E N T E R :**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**

3

Case 3:14-cv-00447-PLR-CCS   Document 11   Filed 03/17/16   Page 2 of 2   PageID #: 99